cient, expended $1,799.20 in the next five years on her mainten-
ance and education, of which only $758.95 was income—thus
showing an encroachment upon the *corpus* of her estate in these
five years to the extent of $1,040.25.

In action by this ward against her guardian after she attained
her majority, the Circuit Judge (Witherspoon) sustained and ap-
proved this expenditure of the *corpus*, and this court declared
itself unwilling to say that the Circuit Judge transcended his
powers. Judgment affirmed. OPINION by MR. CHIEF JUSTICE
SIMPSON, July 6, 1889. *Robert Aldrich*, for appellant. *Geo.
G. Thompson*, contra.

No. 2453. STATE OF SOUTH CAROLINA *v.* SEABROOK. April
Term, 1889. The complaint alleged that defendant had obtained
a license to dig phosphates in the navigable streams of the State,
and had executed his bond to plaintiff (the State), conditioned to
make faithful returns every month of the quantity of phosphates
mined, and to pay every quarter the royalty provided by law;
that under such license defendant had been engaged in such min-
ing, and for the quarter ending November 30, 1885, was indebted
to plaintiff in the sum of $522.20, for which sum judgment was
demanded. An oral demurrer was interposed at the hearing, that
the facts stated did not constitute a cause of action. The Circuit
Judge (Norton) overruled this demurrer, and defendant appealed.
*Held,* that the demurrer was well taken, as the statement of in-
debtedness was a mere conclusion of law, and that no breach of
the bond, either in a failure to make the returns or in the non-
payment of the royalty, was alleged in the complaint. Judgment
reversed. OPINION by MR. CHIEF JUSTICE SIMPSON, July 6,
1889. *W. J. Verdier*, for appellant. *Murphy, solicitor,* contra.

No. 2462. SCOGGINS *v.* SMITH. April Term, 1889. This
was an action in which, as stated in the opinion of this court,
"the claim of the plaintiffs is presented in their complaint in a
double aspect: 1st, for the specific performance of a contract in
reference to real estate; and, second, in the event of a failure to
establish such contract, then for the value of the services which
they claim to have rendered their father, the testator." And the
opinion immediately continues: "No question was raised as to